[Crim. No. 847. In Bank.—June 25, 1902.]

## THE PEOPLE, Respondent, v. JUAN GONZALES, and JOSE COTA, Appellants.

CRIMINAL LAW — HOMICIDE — EVIDENCE — CONFESSION — PROMISE OF SHERIFF.—A confession extorted from a defendant charged with murder while imprisoned in the county jail, under the inducement of a promise of the sheriff that if he told the truth the sheriff would do whatever he could for him, is not admissible.

ID.—JOINT TRIAL—CONFESSION OF ONE DEFENDANT—HEARSAY AS TO CO-DEFENDANT—FORM OF OBJECTION.—Testimony of witnesses to a confession made by one defendant, implicating a co-defendant jointly tried with him for the same offense, is inadmissible hearsay as to the co-defendant; and notwithstanding the absence of a specific objection that the evidence was such hearsay, yet where the defendants were represented by the same counsel, and the evidence was objected to as incompetent, the co-defendant is entitled to the benefit of the exception taken to its admission.

ID.—BILL OF EXCEPTIONS—SETTLEMENT—NOTICE TO DISTRICT ATTORNEY —FAILURE NOT PREJUDICIAL—DISCRETION.—Where the judge settled a bill of exceptions, after excuse made by the defendant for failure to give the required notice to the district attorney, and after allowing the district attorney ample time to propose amendments, which he did within the time given, such failure was not prejudicial to the people of the state; and the discretion of the judge in settling the bill against the objection of the district attorney will not be interfered with upon appeal.

APPEAL from a judgment of the Superior Court of San Benito County and from an order of the court denying a new trial. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

H. W. Scott, and T. H. Donovan, for Appellants.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and John L. Hudner, District Attorney, for Respondent.

HENSHAW, J.—The defendants, jointly tried, were convicted of the murder of Antonio Ruiz and sentence of death pronounced against them. From the judgment and from the

order of the court denying them a new trial they prosecute their appeals.

The court admitted in evidence declarations made by the defendant Cota. Cota's statement was given under the following conditions: He had been arrested and placed in the county jail. He was there detained for a month without being permitted the advice of counsel, and without being put upon his preliminary examination. When first arrested he had made a statement to the sheriff and the district attorney denying all knowledge of the crime. During this term of imprisonment he was visited by the sheriff once, and sometimes twice, a day, and, by the sheriff's own testimony, told that "he had better come out and tell the truth"; that the statement he had formerly made was not true; that it would be better for him to tell the truth; that he (the sheriff) believed that he was implicated in the crime,—had evidence tending to implicate him in it,—and did not believe his denial. Cota finally agreed to make a statement to the district attorney, saying: "I will have to do it later. I might as well do it now." Brought before the district attorney, where were present, beside that official, the sheriff, the jailer, the stenographic reporter, the interpreter, and others, he was asked by the district attorney if he understood that the statement which he was about to make might be used against him. He answered that he did. He further said that he was willing to take the consequences and made the statement voluntarily. He was repeatedly admonished to tell the truth. Asked if any promise had been held out to him as an inducement, his answer was, that "the only thing that had been held out to him was that the sheriff would do whatever he could for him." Asked if the sheriff had promised him anything for telling the truth, he answered, "No; he just said he would do whatever he could for me." It is not denied that this assurance, or promise, by the sheriff was held out to him. Upon this showing, Cota's declaration, as testified to by the sheriff and the interpreter, was admitted in evidence.

Ruiz, the murdered man, kept a wayside saloon. According to the sheriff and interpreter, Cota said that about a month before the murder of Ruiz Gonzales, his co-defendant, had broached the subject of killing him for the purpose of getting his money. Upon the night of the homicide, Cota had been

playing cards with Ruiz, when Gonzales came in. Drinks were ordered, and while Ruiz was bending over behind the bar Gonzales struck him over the head with a rifle and then shot him to death with the same weapon. Cota denied that he knew Gonzales was about to do the deed, but he admits that he took part with Gonzales in the occurrences which followed. They searched the house for money and found it. They rifled the pockets of the dead man. They dragged the body into an adjoining room. They heaped blankets upon it and saturated the blankets with coal oil and set them on fire. They went off together and hid the rifle. They divided the money, and they rode away together upon a single horse.

It scarcely needs reasoning to show that a statement extorted as was this one is not the free, voluntary statement which the law contemplates shall alone be admissible. Cota had been kept in solitary confinement, had been without the aid or advice of counsel, had been daily importuned to speak the truth, being told that the evidence in the hands of the peace officers inculpated him, and that his denial of complicity in the crime was false. He was assured by the sheriff that if he spoke the truth the sheriff would do whatever he could for him, and was told "that he had better come out and tell the truth." That inducements and promises were thus held out sufficient to destroy the voluntary nature of the statement admits of no doubt, and the statement, amounting to an admission or confession of guilt, was therefore clearly inadmissible. Against this, however, the respondent and the trial court took the view that it was in no sense inculpatory of defendant Cota, but was exculpatory and served only to bring home the guilt of the crime to the co-defendant Gonzales. The reading of the statement forbids such a construction. That it tended to connect the defendant Cota with the crime, notwithstanding his denial that he knew beforetime that it was to be committed, is too plain for comment. It bore with almost the same weight against Cota that it did against Gonzales. But when consideration is had to the appeal of Gonzales, the argument of counsel that the statement does not tend to incriminate Cota, but only Gonzales, is self-destructive. Remembering that it is not Cota who gives this testimony at the trial, but other witnesses who are testifying to what Cota has said, it amounts to charging and attempting to convict Gonzales upon the merest hearsay evidence.

It is true that the judge properly instructed the jury that the declarations of one defendant could not be considered by the jury as evidence against the other. It is true also that a specific objection to the introduction of the evidence upon the ground that it was hearsay and prejudicial to Gonzales was not made; but the defendants were jointly tried, and were represented upon the trial by the same counsel, and the objections which were taken to the introduction of the evidence seem throughout to have been taken generally for the mutual advantage of both. Under the view of the court and respondent's counsel, that Cota's statements were admissible in evidence, even if not freely made, because they tended to exculpate, and not inculpate, him, the logical result must obtain that the prosecution was offering hearsay evidence favorable to one defendant in its effort to convict the other upon inadmissible testimony. The ground of objection urged to the admission of the evidence,—which ground we must conclude was urged equally for the benefit of both defendants, —being a ground well taken, it would be the extreme of hardship in a capital case to deny Gonzales the benefit of this exception upon the very technical ruling that the evidence as to him was objectionable only because it was hearsay, and that this particular ground of objection was not urged in his behalf. The gravity of the case and the manifest injury worked to Gonzales by the admission of Cota's statement demand that this court should not be astute in finding reasons for upholding a verdict of death thus obtained.

A preliminary objection to the consideration of the bill of exceptions presented with the appeal is made by the respondent upon the ground that the two days' notice required to be given to the district attorney by sections 1171 and 1174 of the Penal Code was not in fact given. The district attorney, at the time of the settlement of the proposed bill of exceptions, urged his objection to the settlement upon the ground stated, and reserved his exception to the order of the court overruling his objection. The cases are numerous where this court, by mandate, has declined to interfere with the determination of the trial court in its refusal to settle the bill of exceptions by reason of the omission to give the required notice. Thus, without citing other authorities, in *People* v. *Sprague,* 53 Cal. 422, it is said: ''Another circumstance made it the duty of

the judge to refuse to consider the bills proposed by the defendant. No notice was given to the district attorney of defendant's intention to present either of the two drafts as required by section 1171 of the Penal Code." But, upon the other hand, where the judge, in the exercise of his discretion, has seen fit to settle such a bill, this court, except under a showing of plain abuse and injury, will not reconsider the trial court's ruling. In this case a showing was made in excuse for the failure to give notice which was satisfactory to the trial court, and, in addition, before the actual settlement of the bill, the district attorney was given ample opportunity to propose amendments thereto, and in fact did so. No injury, therefore, did result, or could have resulted, to the state from the failure complained of.

The judgments and orders appealed from are reversed, and the cause as to each and both of the defendants is remanded for a new trial.

McFarland, J., Temple, J., Harrison, J., and Van Dyke, J., concurred.

Rehearing denied.

Beatty, C. J., and Garoutte, J., dissented from the order denying a rehearing.