EL PUEBLO, DEMANDANTE Y APELADO, *v.* SOUFFRONT, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por ataque para cometer homicidio.

No. 1824.—Resuelto en febrero 16, 1922.

JUICIO—SUSPENSIÓN DEL JUICIO POR AUSENCIA DEL ABOGADO—DISCRECIÓN JUDICIAL.—No constituye abuso de discreción el negar la suspensión del juicio a causa de ausencia del abogado del acusado cuando no aparece una excusa razonable para tal ausencia.

EVIDENCIA—*Res Gestæ.*—Evidencia demostrativa de que cuando el acusado estaba

realizando el delito de atentado a la vida imputádole, hirió mortalmente a otra persona que acudió en auxilio del perjudicado, es admisible como parte de la *res gestæ.*

ATENTADO A LA VIDA—JUICIO POR JURADO—INSTRUCCIONES—VEREDICTO VÁLIDO.— En un juicio por atentado a la vida la corte dió instrucciones al jurado sobre tal delito, sobre el de ataque con intención de cometer homicidio, y sobre el de acometimiento y agresión con circunstancias agravantes. Rendido un veredicto de ''culpable de homicidio frustrado,'' que fué declarado erróneo por la corte, las instrucciones fueron reiteradas sin hacerse referencia entonces al delito de acometimiento y agresión con circunstancias agravantes, y el nuevo veredicto fué: ''culpable de ataque con intención de cometer homicidio.'' *Se resolvió:* que expresando claramente el primer veredicto el pensamiento del jurado, el omitir instruirlo nuevamente sobre acometimiento y agresión con circunstancias agravantes, no vicia de nulidad el nuevo veredicto rendido.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. B. Huyke* y *C. Iriarte, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Arturo Souffront fué acusado como autor de un delito de atentado a la vida perpetrado en la persona de Pedro A. Reinosa. Hizo la alegación de inocente y vista su causa ante un jurado, éste le declaró culpable de un delito de ataque para cometer homicidio, condenándole luego la corte a sufrir dos años de presidio con trabajos forzados.

No conforme el acusado interpuso el presente recurso de apelación. No presentó alegato. Al acto de la vista del recurso compareció por medio de su abogado quien informó ampliamente insistiendo en que el juicio en la corte de distrito debió ser suspendido y en que la corte erró al admitir prueba relacionada con otro acto imputado al acusado. El abogado no dejó nota escrita de los errores señalados,. ni memorándum de autoridades si es que citó alguna durante su informe. Esta es una práctica enteramente errónea.

1. Hemos examinado la acusación y es bastante. En el momento de llamarse la causa para juicio, se leyó el siguiente telegrama recibido el mismo día: ''Imposibilitado asistir hoy juicio Souffront suplico suspensión vista. Celestino Iriarte,

Jr., abogado del acusado." Basándose en ese telegrama, el acusado, por medio del abogado Juan B. Huyke, pidió a la corte la suspensión de la vista. El fiscal se opuso y la corte sostuvo su oposición porque no se expresaba en la petición causa alguna que justificara la ausencia del abogado. El juicio siguió adelante y el acusado estuvo en él representado por el abogado Sr. Huyke. Basta la simple exposición de esos hechos para concluir que la corte no abusó de su poder discrecional al resolver la cuestión planteada. "La ausencia del abogado," dice Corpus Juris, "es una excusa poco favorecida por las cortes como motivo de suspensión  *  *  *. Especialmente cuando no aparece una excusa razonable para tal ausencia." 13 C. J. 144.

2. El hecho concreto imputado al acusado consiste en haber acometido y agredido a Pedro A. Reinosa con el propósito de asesinarlo infiriéndole una herida de carácter grave en la. región lumbar izquierda. Al declarar ciertos testigos refirieron que mientras tal hecho ocurría, intervino otra persona en pro de Reinosa y entonces el acusado hirió también a esa otra persona que murió a consecuencia de las heridas. El acusado por su abogado se opuso a que se permitiera declarar sobre tales hechos y la corte desestimó su oposición, tomando excepción el acusado a la regla de la corte. Sin citar, si no recordamos mal, ley o jurisprudencia aplicables, insistió el acusado en el acto de la vista de este recurso en que la corte había errado al proceder de tal modo.

El hecho de herir a la otra persona era distinto, pero estaba tan enlazado con el que se persigue en esta causa que bien pudiera considerársele como parte de la *res gestae.* Véase 22 C. J. 443, 454 y siguientes. La otra persona intervino en favor de Reinosa. Según el propio Reinosa cuando él gritó acudió la otra persona y dijo: "No atropelles al anciano, al viejo Reinosa, y entonces parece ser que le dió una estocada al otro, dice, 'toma, tú que eres joven.' " Se acusaba a Souffront de haber acometido y agredido con inten-

ción de asesinar y era pertinente probar todas las circuns-
tancias adecuadas que rodearon el hecho a fin de poder pe-
netrar con más seguridad en el estado mental del acusado.

3. Se presentó una moción de nuevo juicio alegando que
el veredicto era contrario a las pruebas, que la corte instruyó
erróneamente al jurado y que se obligó al acusado a entrar
a juicio indefenso.

La prueba es contradictoria. Un testigo de la defensa
aseguró que fué otra persona, nombrándola, la que hirió a
Reinosa. Este dijo que fué el acusado. Hubo otros extre-
mos importantes en que la contradicción resultó manifiesta,
pero habiendo el jurado decidido el conflicto en contra del
acusado sin que se haya demostrado que actuara movido por
pasión, prejuicio o parcialidad, o que cometiera un error ma-
nifiesto, como tantas veces hemos resuelto, su decisión no
debe ser alterada.

La corte dió amplias instrucciones al jurado y le explicó
que no sólo podía declarar culpable al acusado del delito de
atentado a la vida, sino del de ataque con intención de come-
ter homicidio y del de acometimiento y agresión con circuns-
tancias agravantes. Sucedió que el jurado presentó un ve-
redicto de "culpable de homicidio frustrado." El fiscal estimó
erróneo dicho veredicto y solicitó que la corte instruyera
nuevamente al jurado. La defensa se opuso. La corte, de
acuerdo con el artículo 288 del Código de Enjuiciamiento
Criminal, instruyó al jurado en el sentido de que su vere-
dicto era erróneo, refiriéndose de nuevo a los delitos de aten-
tado a la vida y ataque con intención de cometer homicidio
y omitiendo referirse entonces al de acometimiento y agre-
sión. Volvió a deliberar el jurado y presentó un veredicto
de culpable de ataque con intención de cometer homicidio.

La corte actuó correctamente. El jurado no pudo ser in-
ducido a error. El primer veredicto expresaba ya su pen-
samiento claro. El error era simplemente de palabras. Bajo

tales circunstancias, no era necesario insistir en la instrucción sobre acometimiento y agresión.

En cuanto a la indefensión del acusado, ya dejamos expuesto que la suspensión no se pidió debidamente y ahora agregamos que los autos demuestran que el acusado fué debidamente defendido por el abogado Sr. Huyke que no sólo repreguntó a los testigos del fiscal y tomó las excepciones a su juicio pertinentes, sino que introdujo toda la prueba de la defensa.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.