EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFONSO LÓPEZ SOLANO y HERMENEGILDO SIERRA, acusados y apelantes.

No. 3912.—*Sometido:* Noviembre 12, 1930. *Resuelto:* Junio 27, 1931.

*Armando A. Miranda,* abogado del apelante Hermenegildo Sierra; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los acusados fueron convictos de asesinato en primer grado. De los hechos admitidos en evidencia, el jurado tenía derecho a creer que Alfonso López Solano y Hermenegildo Sierra (alias "Merejo"), persiguiendo un designio común de obtener algún dinero perteneciente a José Fontánez Torres, fueron a la casa solitaria de éste en Guaynabo, donde vivía con su única hija, y no sólo mataron a José Fontánez, sino que para ocultar su crimen, dieron muerte a Regina Fontánez, la niña. Esta acusación es por el asesinato de José Fontánez, y la apelación ha sido entablada por Sierra solamente.

El primer señalamiento de error alega que la corte erró al permitir que el fiscal de distrito conectara este caso con el de la muerte de Regina Fontánez. Si los hechos admitidos hubieran de creerse, todas las circunstancias estaban tan entrelazadas que los dos crímenes eran inseparables (*El Pueblo* v. *Philip*, 34 D.P.R. 644), o podían considerarse como parte de la res gestae (*El Pueblo* v. *Souffront*, 30 D.P.R. 105; Underhill on Criminal Evidence página 157, párrafo 88). Si no por algún otro motivo, la tentativa de ocultación, como huir, esconderse o guardar silencio cuando se está en el deber de hablar, podría ponerse de manifiesto al jurado.

El noveno señalamiento se refiere a un error del taquígrafo. El tomó en taquigrafía que el testigo decía que la pistola usada era de nácar. La corte, sin embargo, estaba convencida de que el testigo había dicho "negra," y estuvo justificada al ordenar el cambio a "negra." Sucede que el signo taquigráfico para cada palabra es el mismo. Además, el jurado sabría lo que se dijo, y no se trató de demostrar que la corte estaba equivocada, ni de solicitar una instrucción respecto a lo que en realidad se dijo.

En la discusión del segundo error el apelante nos remite a la página del récord, pero no menciona específicamente en su alegato lo que de ella era objetable. Se trataba de una prueba circunstancial leve, o su admisión era inofensiva.

█ El fiscal de esta corte agrupa los señalamientos tercero, cuarto, quinto, sexto, séptimo, décimo, undécimo, duodécimo, décimotercero y décimocuarto.

La teoría del apelante es que la prueba objetada no conectaba a Hermenegildo Sierra, alias "Merejo," con el delito, y que no existe suficiente corroboración de la confesión del coacusado López, por virtud de la cual se pueda condenar a Hermenegildo Sierra. Alfonso López hizo una confesión completa, y claramente complicó a su coacusado. Parte de la evidencia objetada se refería a la conducta de "Merejo" después del crimen, su actitud o palabras. Gran parte de ella era relevante, más no importante, como cuando "Merejo," estando presente en la investigación preliminar, dijo: "No lo viren," refiriéndose al interfecto, o que "Merejo" estaba intranquilo. Esta clase de objeciones se dirige al peso de la evidencia, no a su materialidad o pertinencia (*competency*).

Entonces viene bastante prueba testifical respecto a lo que López dijo tendiendo a incriminar a Sierra. El principio es que en una empresa combinada o conspiración como la del presente caso, ya se alegue claramente o no la conspiración, si ésta se prueba o la evidencia objetada tiende a establecerla, pueden admitirse las manifestaciones de un cómplice, especialmente si se hacen antes de consumarse la conspiración. *People* v. *Carson,* 155 Cal. 164, 99 P. 970; *People* v. *Murphy,* 146 Cal. 502, 80 P. 709; 16 C. J. 644, párs. 1283 et seq.; *El Pueblo* v. *Beltrán,* 18 D.P.R. 944; *El Pueblo* v. *Vázquez,* 20 D.P.R. 361; *People* v. *McPhee,* 26 Cal. A. 218, 146 Pac. 522; 16 C. J. 648, pár. 1288. Y esto, desde luego, en ausencia de un acusado como Sierra.

█ En cuanto a la corroboración de López, el fiscal de este tribunal revisa en su alegato la evidencia objetada, y mucho más lo hace para demostrar la corroboración de López. El caso de *People* v. *Negra,* 208 Cal. 64, en gran parte transcrito en el alegato del fiscal, fué uno en que la corroboración

era más débil que la del presente. La evidencia no tiene que ser muy fuerte. Este principio está sostenido por *People* v. *Kempley*, 205 Cal. 441, donde la corte revocó por falta de corroboración suficiente. Que la corroboración no necesita ser muy fuerte ha sido frecuentemente declarado por este tribunal.

En el caso de autos hubo prueba tendente a demostrar la conducta nerviosa de Sierra y su silencio cuando debió haber hablado; acerca de su manifestación de que algún día tendría que irse a las manos con Fontánez, maldiciéndolo, y algo más en ese sentido; de la carencia de dinero en Sierra para jugar antes del suceso, y su posesión de dinero después; de su miedo de ser acusado; de haberse dejado de sorprender cuando lo arrestaron (no es extremo de importancia, pero es admisible) ; que López sugirió que ambos confesaran el delito, y Sierra se negó a ello; de sus negaciones cuando López hizo la confesión en su presencia, y de estar Sierra temblando; de su conducta mientras buscaba el cadáver de la niña; también hubo testimonio al efecto de que Sierra admitió que Fontánez no ofreció resistencia la noche del suceso, y, más particularmente, la prueba importantísima que tendió a colocar a Sierra en posesión de la pistola que muy recientemente había pertenecido a Fontánez, y su tentativa de ocultarla.

Los señalamientos octavo, décimoquinto, décimosexto y décimoséptimo, relativos a las instrucciones y al peso de la prueba, no fueron discutidos por el apelante, y no hallamos error alguno.

En la vista de la apelación, y brevemente en su alegato, el apelante dijo que la confesión de López le fué extraída por medios impropios. Esta y otras cuestiones se suscitan, o quizá se sugieren, en el alegato del apelante, pero tales cuestiones, o fueron renunciadas o consentidas, o no se hizo la debida objeción, y no se mencionan específicamente en el señalamiento de errores. En cuanto a que fuera involuntaria la alegada confesión, se adujo testimonio tendente a demos-

trar que fué enteramente voluntaria, y que no se ejerció sobre López fuerza indebida, coacción, o algo similar. La cuestión de si la confesión de López se hizo voluntariamente fué dejada al jurado bajo instrucciones cuidadosas por la corte.

Ni el apelante ni el fiscal se han tomado el debido trabajo de citarnos las páginas de los autos en que puede hallarse el testimonio. El apelante no ha hecho aquella breve relación de los hechos que la letra y el espíritu de nuestras reglas demandan.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.