THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EULOGIO COTO, *alias* YOYO, Defendant and Appellant.

No. 5352. Argued December 18, 1934.—Decided February 20, 1935.

144

*Felipe Colón Díaz* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Eulogio Coto, otherwise called Yoyo, appealed from a judgment of conviction of second degree murder and also from an order denying his motion for a new trial.

The information filed against the appellant and Arcadio Colón charges that on June 30, 1930, at Coamo, P. R., the defendants did wilfully and unlawfully, with malice aforethought and with the deliberate intention of unlawfully killing Juan Marrero Hernández, a human being, feloniously assault and batter the said Juan Marrero Hernández, with a hammer, a deadly weapon, thereby fracturing his skull, which fracture caused the death of the said Juan Marrero Hernández almost instantaneously.

At the arraignment the attorney for both defendants made a motion requesting the court to order the district attorney

to file a bill of particulars stating which of the two defendants had battered Juan Marrero Hernández with the hammer, but the court denied the motion. Then the defendants requested separate jury trials. The motion for the bill of particulars was renewed by the appellant on the day set for his trial, before the jury was impaneled, and the same was again denied.

This denial is assigned as the first error on this appeal.

■ The information clearly charges the defendants with the crime of murder and it fulfills the requirements of section 71 of the Code of Criminal Procedure, since it states the facts constituting the crime in such plain and concise language that any person of ordinary intelligence can understand from it that the defendants did, feloniously and with malice aforethought, kill Juan Marrero Hernández by fracturing his skull with a hammer. No further particulars as to which one of the defendants dealt the blow causing death were necessary, as this is a matter of evidence and the appellant did not show in the trial court, nor has he shown to us, that the lack of the particulars requested by him has prevented or hampered his defense in any way, inasmuch as he had knowledge of those facts. We are of the opinion, therefore, that the trial court did not abuse its discretionary power to order the information to be made more specific.

■ The second error assigned by the appellant is the admission in evidence of a written statement made by the appellant. This statement contains the appellant's confession of having hit Juan Marrero Hernández on the head with a hammer, and thereby causing his death. The ground for his objection to its admission in evidence was the fact that the statement was not made before a magistrate, but before the clerk of a municipal court. Although it is true that the statement was written by the clerk of the Municipal Court of Coamo, it is also true that it was sworn to and subscribed before the acting district attorney of Ponce, in the presence of several persons. The statement was therefore admissible

in evidence and the lower court did not commit the error assigned.

██ The third ground of appeal is the admission by the trial court of the testimony of Ramona Ramírez over the objection of the defense on the ground that the said testimony was hearsay as to the appellant. This witness testified that while she was living as the wife of Arcadio Colón (who is the other defendant in this case), Arcadio told her that he had given a hammer to Yoyo so that he might kill Juan Marrero, and since Yoyo did not dare because he was a friend of Marrero, he, Arcadio, forced him at the point of a gun and then Yoyo hit Marrero with the hammer. The district attorney contended at the trial that the testimony of Ramona Ramírez was admissible under the doctrine of the case of *People* v. *López,* 42 P.R.R. 487, and the court based its admission of the evidence on that case. The *López* case is distinct from the instant case, for in the former it was Sierra's codefendant who testified at the trial, while in the instant case Arcadio Colón did not testify at the trial but his statements were produced by a third person, Ramona Ramírez, whose testimony was therefore hearsay evidence and not admissible as has been decided in the following cases: *People* v. *González,* 136 Cal. 666, 69 P. 487; *People* v. *Woods,* 90 Cal. A. 758, 266 P. 361; *People* v. *Raber,* 168 Cal. 316, 143 P. 317; and *People* v. *Méndez,* 193 Cal. 39, 223 P. 65. For analogous cases see 37 A.L.R. 441 and 48 A.L.R. 348. The improper admission of that evidence cannot have prejudiced the appellant since not only was his own statement, sworn to before the district attorney at the time of the investigation of the crime, in which he confesses clearly and in detail that he killed Juan Marrero, presented at the trial and corroborated by independent evidence, but the defendant also testified voluntarily at the trial, and, although he began by saying that he had not been with Arcadio Colón, Juan Pérez, and Juan Marrero that night, nevertheless, upon cross-examination by the district attorney, he testified that he had

hit Juan Marrero over the head with a hammer given to him by Arcadio Colón for the purpose of killing Marrero. Aside from this, the testimony of Ramona Ramírez tended to favor the defendant in the sense that he killed Juan Marrero because Arcadio Colón threatened him with a revolver if he did not kill him; and there were witnesses who saw the appellant, Arcadio Colón, Juan Pérez, and Juan Marrero walking together that night and drinking liquor at several places. Therefore, we see no reason for reversing the judgment because of the admission of the testimony of Ramona Ramírez.

 The fourth error assigned is the refusal of the trial court to order the district attorney to deliver to the defendant, at his request, two written statements made by Ramona Ramírez, concubine of Arcadio Colón.

According to the appellant, he intended to use the said statements to impeach the testimony given at the trial by Ramona Ramírez when she testified regarding statements made to her by codefendant Arcadio Colón relative to Eulogio Coto. The defendant wanted the two statements made by Ramona Ramírez in the municipal court at the preliminary investigation of the crime in order to contradict the testimony of the witness at the trial, but the trial court denied his request on the ground that he had not laid the foundation for it.

The case of *People* v. *Ramírez,* 41 P.R.R. 742, is applicable. In that case we said the following:

"A fourth assignment of error relates to the refusal of the court to read the previous declaration made to the prosecuting attorney by María Lassalle when this officer was investigating the facts of the alleged crime. On the witness stand María Lasalle was never asked whether she made any inconsistent statement with her testimony at the trial. In no way was a basis laid for the supposed contradiction, even if the attorney was bound to produce his written copy of the statement made by the witness."

The fifth error assigned was based on the fact that the trial court allowed the district attorney to cross-examine the ap-

pellant too extensively when he testified at the trial, thereby tending to confuse him.

The defendant-appellant testified at the trial and the cross-examination by the district attorney, although extensive, did not tend to confuse him, since it dealt with facts voluntarily stated by the appellant to the district attorney at the Municipal Court of Coamo, in order to obtain, as he did obtain, an admission by the defendant that he remembered having stated what appeared in the said written statement, and therefore the error assigned does not exist.

■ The appellant also complains of the denial of his request that the jury make a personal inspection of the place where Juan Marrero was found dead.

The place is near the river that crosses the town of Coamo; and since the trial was being held in Ponce almost two years after the death, and since the witnesses testified at the trial regarding the conditions of the said place, we do not think that the court, in denying the personal inspection, abused the discretionary power granted to it by section 258 of the Code of Criminal Procedure.

■ The defendant filed a motion for a new trial. It was denied and he alleges now that such denial was erroneous.

The grounds he alleged in requesting a new trial are, with the exception of newly discovered evidence, which ground he abandoned in the district court, the same ones assigned here as errors of the trial court, for the purpose of obtaining a reversal of the judgment.

As we find that the errors assigned were not committed by the court *a quo*, it was not error to refuse a new trial, nor can the contention that the appellant did not have a fair and impartial trial be upheld.

The judgment and order appealed from must be affirmed.