El Pueblo de Puerto Rico, demandante y apelado, *v.* Eulogio Coto, conocido por Yoyo, acusado y apelante.

No. 5352.—*Sometido:* Diciembre 18, 1934. *Resuelto:* Febrero 20, 1935.

*Felipe Colón Díaz,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Eulogio Coto, conocido por Yoyo, interpuso esta apelación contra la sentencia que lo condena por delito de asesinato en segundo grado y también contra la resolución que le negó el nuevo juicio que solicitó.

La acusación presentada contra el apelante y Arcadio Colón les imputa que el día 30 de junio de 1930 en Coamo, P. R., voluntaria e ilegalmente, con malicia (premeditación y

deliberación) y con propósito firme de dar muerte ilegal al ser humano Juan Marrero Hernández, alevosamente lo acometieron y agredieron con un martillo, arma mortífera, produciéndole la fractura del cráneo, lesión ésta que le causó la muerte casi instantáneamente al citado Juan Marrero Hernández.

Al ser leída esa acusación solicitó el abogado de ambos acusados que la corte ordenase al fiscal que hiciera más específica su acusación (*bill of particulars*) a fin de que informe cuál de los acusados agredió con el martillo a Juan Marrero Hernández, pero la corte no accedió a esa pretensión. Entonces los acusados solicitaron juicio separado y ante jurado. Esa solicitud de especificación fué reproducida por el apelante el día señalado para su juicio, antes de procederse al sorteo de los jurados pero también le fué negada. Tal negativa se alega fué errónea en el primer motivo de este recurso.

La acusación imputa claramente a los acusados el delito de asesinato y cumple con lo requerido por el artículo 71 del Código de Enjuiciamiento Criminal, pues contiene una exposición de los hechos constitutivos del delito en lenguaje conciso y corriente, de tal modo que cualquier persona de inteligencia común puede entender por ella que los acusados con premeditación y alevosía dieron muerte a Juan Marrero Hernández al causarle la rotura del cráneo con un martillo. No era necesaria mayor especificación respecto a cuál de ellos produjo la herida causante de la muerte pues esto es materia de prueba, ni el apelante demostró en la corte inferior ni tampoco ahora ante nosotros que la falta de la especificación por él solicitada impidiera o dificultara su defensa, pues esos hechos estaban en su conocimiento. Por consiguiente, entendemos que la corte inferior no abusó del poder discrecional que tiene para ordenar mayor especificación de la acusación.

El error que como segundo alega el apelante es por haber sido admitida como evidencia en el juicio una declaración escrita del apelante. Esa declaración contiene la con-

fesión del acusado apelante de haber dado con un martillo a Juan Marrero Hernández en la cabeza, de cuyo golpe murió. Su oposición a que fuera admitida como evidencia fué por no haber sido prestada ante un magistrado sino ante el secretario de una corte municipal. Si bien es cierto que el secretario de la Corte Municipal de Coamo escribió esa declaración también lo es que fué jurada y suscrita por el apelante ante el fiscal interino de Ponce, estando presentes en ese acto varias personas, por lo que era admisible en el juicio y no cometió la corte inferior el error que se le atribuye.

■■ Se dice en tercer lugar que fué error de la corte inferior permitir con la oposición de la defensa el testimonio de Ramona Ramírez, por ser de referencia en cuanto al apelante. Esta testigo declaró que estando viviendo maritalmente con Arcadio Colón (que es el otro acusado en este proceso), le manifestó Arcadio a ella que él le había dado un martillo a Yoyo para que matara a Juan Marrero, y que como no se atrevía porque era amigo de Marrero lo obligó con un revólver y entonces Yoyo lo achocó con el martillo. El fiscal sostuvo en el juicio que el testimonio de Ramona Ramírez era admisible de acuerdo con el caso de *El Pueblo* v. *Sierra,* 42 D.P.R. 504, y la corte se fundó en ese caso para admitir tal testimonio. El caso citado de Sierra y el presente son distintos pues en aquél fué el acusado con Sierra el que declaró en el juicio mientras que en el presente no declaró Arcadio Colón en el juicio sino que sus manifestaciones fueron presentadas por tercera persona, Ramona Ramírez, resultando así una declaración de referencia que no era admisible y así ha sido resuelto en los siguientes casos: *Pueblo* v. *González,* 136 Cal. 666, 69 P. 487: *Pueblo* v. *Woods,* 90 Cal. A. 758, 266 P. 361: *Pueblo* v. *Raber,* 168 Cal. 316, 143 P. 317: y *Pueblo* v. *Méndez,* 193 Cal. 39, 223 P. 65. Para casos análogos puede verse 37 A.L.R. 441 y 48 A.L.R. 348. La admisión indebida de esa evidencia no ha podido causar perjuicio al apelante ya que no solamente fué presentada en el juicio la declaración jurada que el acusado prestó ante el fiscal cuando éste hizo la

investigación del delito en la cual confiesa clara y detalladamente que él mató a Juan Marrero, cuya declaración ha sido corroborada por prueba independiente, sino que habiendo declarado voluntariamente en el juicio, aunque empezó diciendo que él no había estado esa noche con Arcadio Colón, Juan Pérez y Juan Marrero, sin embargo, a repreguntas del fiscal contestó que él dió a Juan Marrero un golpe en la cabeza con el martillo que le entregó Arcadio Colón para que lo matara. Aparte de esto la declaración de Ramona Ramírez tendía a favorecerle en el sentido de que mató a Juan Marrero porque Arcadio Colón lo amenazó con un revólver si no lo mataba; y hubo testigos que vieron al apelante, Arcadio Colón, Juan Pérez y Juan Marrero andando juntos aquella noche tomando licor en varios sitios. Por consiguiente, no vemos motivo para revocar la sentencia por la admisión del testimonio de Ramona Ramírez.

█ El cuarto motivo del recurso lo funda el apelante en que la corte inferior erró al negarse a ordenar al fiscal que entregase al acusado dos declaraciones escritas que le pidió, prestadas por Ramona Ramírez, concubina de Arcadio Colón, en la investigación que hizo del delito.

Según dice el apelante se proponía con esas declaraciones impugnar el testimonio que en el juicio dió la testigo Ramona Ramírez al declarar sobre manifestaciones que le hizo el coacusado Arcadio Colón referentes a Eulogio Coto. La defensa interesaba las dos declaraciones que Ramona Ramírez había prestado en la corte municipal en la investigación de esta causa para contradecir lo que esa testigo declaró en el juicio, pero la corte inferior negó su pretensión porque no había sentado las bases para su solicitud, por lo que es aplicable lo resuelto en el caso de *El Pueblo* v. *Ramírez,* 41 D. P.R. 747, en el cual dijimos lo siguiente:

"El cuarto señalamiento de error se refiere a la negativa de la corte a permitir que se leyera la declaración prestada ante el fiscal por María Lassalle, mientras ese funcionario investigaba los hechos constitutivos del supuesto delito. A María Lassalle no se le pre-

guntó en la silla testifical si ella había hecho alguna manifestación inconsistente con la declaración por ella prestada durante el juicio. No se sentó en forma alguna la base para la supuesta contradicción, aun en el supuesto de que el fiscal estuviera obligado a producir su copia escrita de las manifestaciones de la testigo.''

El quinto motivo de la apelación se funda en que la corte inferior permitió al fiscal que hiciera un contrainterrogatorio demasiado extenso del apelante cuando declaró en el juicio, que tendía a extraviar la mente del acusado.

El acusado apelante declaró como testigo en el juicio y el contrainterrogatorio que le hizo el fiscal no tendió a extraviar su mente, aunque fué extenso, pues versó sobre los particulares que el acusado había declarado voluntariamente al fiscal en la Corte Municipal de Coamo, para obtener como obtuvo que reconociese recordar haber declarado lo que dicha declaración escrita contiene, por lo que no es sostenible el error que se alega.

■ También se queja el apelante porque fué negada su solicitud para que el jurado hiciera una inspección ocular del sitio en donde fué hallado muerto Juan Marrero.

Ese sitio está cerca del río que pasa por el pueblo de Coamo; y como el juicio se celebraba en Ponce casi dos años después de ocurrida esa muerte y como los testigos declararon en el juicio respecto a las condiciones de dicho lugar, no creemos que al negar la corte tal inspección ocular hiciera un mal uso de la facultad discrecional que para disponerla le confiere el artículo 258 del Código de Enjuiciamiento Criminal.

■ El acusado solicitó de la corte que le concediera un nuevo juicio. Le fué negado y alega ahora que esa resolución fué errónea.

Los motivos que adujo para que se concediera el nuevo juicio son los mismos que ha expuesto ante nosotros como errores de la corte inferior para que revoquemos la sentencia, excepto el de nuevas pruebas del cual desistió en la corte de distrito.

Como resolvemos que no existen los errores atribuídos a la corte *a quo*, no puede ser sostenido el error que se alega por la negativa de un nuevo juicio ni la alegación de que el apelante no tuvo un juicio justo e imparcial.

*Los recursos interpuestos por el apelante deben ser declarados sin lugar y confirmarse la sentencia y resolución apeladas.*