[Crim. No. 2964.    Third Dist.    Nov. 27, 1959.]

THE PEOPLE, Respondent, v. L. B. DOSSETT, Appellant.

Joel C. Stone, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Robert K. Puglia, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon a jury's verdict which found appellant guilty of a violation of section 288 of the Penal Code.

The determinative question on this appeal is whether a confessionary statement which was read into evidence was voluntary. The statement was taken in the sheriff's office the morning after appellant was arrested. Appellant objected to the statement herein being read into evidence on the ground that no proper foundation had been laid to show that it was voluntary. The reporter who took the statement testified that no promises were made to appellant, but said that she did not believe that appellant was advised that he did not have to

make a statement or that anything he said might be used against him.  ▮ Before a statement in the nature of a confession is admissible in evidence, the prosecution must show that it was voluntary. (*People* v. *Speaks,* 156 Cal.App. 2d 25, 36 [319 P.2d 709] ; *People* v. *Jones,* 24 Cal.2d 601, 608 [150 P.2d 801].) However, when the reporter was asked if appellant was threatened in any manner, appellant objected on the ground that the question called for a conclusion of the witness. The reporter was then asked if the statement covered all of the conversation and every word that was said and she replied that it did. The statement was then read into evidence over appellant's objection. Appellant argues that it appears on the face of the statement that it was induced by threats and promises. He quotes therefrom the opening remarks of the investigator for the district attorney's office:

"It's a hard proposition, L. B. [appellant], to handle anything like this, but, as I told you before, it's one of the things we have to do to straighten it up, and we would hate to take it into Court and everybody listening and that would not be good for you and your wife and the kids. The quieter we can keep this, the better it will be. You can see our position on this—there has been a complaint on this and after talking to your wife and the other little girl and Janie, and you told us last night that you did. This will mean a lot in your favor on your probation report that you are cooperating with the law enforcement officers—and there must be something wrong, and we can get you to the psychiatrist for an examination and perhaps he can find out why you did this. It's just one of those things."

At this point in the reading of the statement, appellant interposed an objection that there was an implied promise. He was overruled. Appellant assigns the ruling as error. (*People* v. *Barric,* 49 Cal. 342, 345; *People* v. *Gonzales,* 136 Cal. 666, 668 [69 P. 487].)  ▮ The initial decision as to whether the statement was voluntary was for the trial court. We cannot say, as a matter of law, that that determination was erroneous. (*People* v. *Logan,* 41 Cal.2d 279 [260 P.2d 20].) ▮ The fact that appellant was not advised that he might remain silent or that anything he said could be used against him did not render the statement inadmissible. (*People* v. *Aguilar,* 140 Cal.App. 87, 93 [35 P.2d 137, 142] ; *People* v. *Hoyt,* 20 Cal.2d 306, 314 [125 P.2d 29].)

Appellant's contention that the testimony of the child upon whom he committed the lewd and lascivious act was so vague

and inconclusive as to be inherently improbable does not merit discussion.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.