[Crim. No. 3945.    First Dist., Div. Two.    Oct. 11, 1961.]

THE PEOPLE, Respondent, v. DONALD KENNETH
RHINEHART, Appellant.

Pray & Maynard and Robert T. Maynard for Appellant.

Stanley Mosk, Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

AGEE, J.—Defendants Rhinehart and Keller were jointly charged, tried and convicted of second degree burglary. Neither defendant testified at the trial nor were any witnesses called in their defense. Rhinehart appeals from the judgment. His sole contention is that certain statements of Keller, made to a police officer outside of appellant's presence, were highly prejudicial to him and should not have been admitted into evidence.

Respondent replies that the jury was instructed repeatedly

that such statements were admissible only as against Keller and were not to be considered as against appellant.

The burglary was of premises occupied by a trailer company sales office and was discovered about 10 o'clock a. m. on September 13, 1960, when an employee found that the check protector and two pads of blank checks were missing from the office. The police were notified immediately. Shortly after 10 o'clock a. m. of the same day, a man identified as defendant Keller unsuccessfully attempted to pass one of the checks, which had been filled out in the meantime by someone for $129.59. Keller was apprehended the same day shortly after 1 o'clock. He and appellant were seated in the back seat of an automobile. Two other men were in the front seat. There were a number of the stolen checks lying on the floor of the rear seat underneath some newspapers. On the same day, a police technician "lifted" a fingerprint, which he described as "very fresh" and recently made, from the window jamb on the inside of the rear window through which the entry had apparently been made. An expert from the State Bureau of Criminal Investigation identified the print as being that of appellant. Appellant had worked on the premises as a janitor about one year before the burglary, so that he was familiar with the physical layout.

The foregoing is a summary of the evidence admitted as against appellant.

Officer Mergen testified that, on the same day, he had a conversation with Keller at the police station, the substance of which was that he (Keller) had attempted to pass the forged check referred to above. Appellant was not implicated or referred to in this conversation. However, the following took place before it was related to the jury: By Mr. Doll (prosecutor) : "This is evidence only against the Defendant Keller." By the Court: "Any statement made by Mr. Keller to the officer will not be used against Mr. Rhinehart (appellant) because Mr. Rhinehart was not present. . . . All right, the jury is instructed that any statement Mr. Keller made to the officer will not be used against Mr. Rhinehart."

Keller was further questioned by Mergen later in the day. This time the burglary was brought up and Keller implicated appellant in it. Before his oral statement as to the burglary was related, however, appellant's attorney objected on the ground of hearsay. The court then stated: "This will be considered as against Mr. Keller, and not Mr. Rhinehart." The prosecutor replied: "That is right." Keller stated that ap-

pellant had gone through the rear window and then opened the rear door for Keller to enter; that they then took the check protector and the checks for the purpose of preparing and passing them as fictitious checks. Appellant's counsel moved to strike this testimony and, upon denial of the motion, moved for a mistrial, which was also denied. The court immediately made this statement: "I think with a definite instruction to the jury not to consider this evidence against Rhinehart, I think that is sufficient. . . . The jury has been instructed not to consider this testimony against Mr. Rhinehart." The prosecutor then stated: "And that will apply through all of the testimony concerning this particular matter, any reference to Mr. Rhinehart" to which the court replied: "Yes, that is right."

The next day Mergen had a third conversation with Keller, which was tape recorded. This statement again implicated appellant in the burglary. The recording was played to the jury. At the conclusion, appellant's attorney renewed his motion for a mistrial "on the ground that this matter just played is inadmissible with respect to Rhinehart and can't be cured by an admonition to the jury. Our motion is based on *People* versus *Gonzales* and *People* versus *Cole*. I think the same instruction which the court made previously with regard to Rhinehart should be made at this time." The court replied: "Yes, I think the jury has already been told that this statement made by Mr. Keller shall not be used against Mr. Rhinehart. . . . Well, I just can't separate the conversation, the part that doesn't mention Mr. Rhinehart and the part that does mention Mr. Rhinehart, so I think an instruction, a clear instruction to the jury to disregard any evidence in this statement against Mr. Rhinehart, I think that will cure the matter."

The instructions given by the court to the jury after the conclusion of counsel's closing arguments have not been included in the record, but it should be presumed that the court's stated intention to give an instruction on the point in question was carried out. This would make a total of four times that the jury was so instructed.

It is well settled that it is not error to admit into evidence a confession of one defendant in a joint trial merely because such confession implicates another defendant in the crime charged, where a proper admonition as to its limitation is given to the jury. (*People* v. *Turville*, 51 Cal.2d 620, 636

[335 P.2d 678]; *People* v. *Chavez,* 50 Cal.2d 778, 790 [329 P.2d 907].)

Appellant cites and relies upon only two cases: *People* v. *Gonzales,* 136 Cal. 666 [69 P. 487], and *People* v. *Goltra,* 115 Cal.App. 539 [2 P.2d 35].

In the first case cited, Gonzales and one Cota were jointly charged, tried and convicted of the murder of one Ruiz. On appeal, the conviction was reversed as to both defendants. As to Cota, the reversal was based upon the ground that testimony as to his admission or confession of guilt was inadmissible because it was not free and voluntary. However, Cota's statement not only incriminated him but also named Gonzales as a joint participant with him in the robbery of Ruiz, during which Ruiz was shot and killed by Gonzales. The statement of Cota being improperly obtained from him and it being hearsay as to Gonzales, it should not have been admitted or referred to at all during the trial. The Supreme Court concluded at page 669: ". . . The gravity of the case and the manifest injury worked to Gonzales by the admission of Cota's statement demand that this court should not be astute in finding reasons for upholding a verdict of death thus obtained." In the instant case there is no claim that Keller's confession was not admissible as against him.

In the *Goltra* case, *supra,* Goltra was convicted of robbery. He was the sole defendant. The victim was allowed to testify, over objection, as to a conversation he had had with one Thompson at the county jail in which Thompson virtually admitted that he (Thompson) was one of the participants in the robbery. Then, again over objection, a deputy sheriff was allowed to testify as to a conversation with Thompson, outside the presence of Goltra, in which Thompson picked out a picture of Goltra and stated that he had also participated in the robbery. This testimony was clearly hearsay as to Goltra and, he being the only defendant on trial, it could only have been directed to the proof of *his* guilt, and not that of anyone else. Hence, there was no justification for its introduction. The distinction is obvious. In the instant case, both appellant and Keller were on trial and the challenged testimony was directed to and confined to the proof of Keller's guilt.

The judgment of conviction is affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.