[Crim. No. 10598.    Second Dist., Div. Four.    Dec. 22, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CARL ANDREW WILLIAMS, Defendant and Appellant.

Olive Starkweather, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In a joint trial, appellant Williams, together with codefendant Dixon, were found guilty by the court of armed robbery. A prior felony conviction alleged against Williams was found to be true.

Prior to the commencement of the trial Williams made a motion to be tried separately. The motion was made on the

ground that statements allegedly made by Dixon, which implicated Williams in the crimes charged, would be introduced; that even with limiting instructions, the jury would be unable to segregate this evidence and consider it only as against Dixon. The court denied the motion and defendants thereafter elected to waive a jury trial. Dixon does not appeal. Williams contends as grounds for reversal of his conviction, that an insufficient showing as to the necessity for a joint trial was made by the district attorney, and that, under the circumstances presented, the trial court abused its discretion in denying the motion for severance.

Without detailing the facts, the evidence showed that a men's apparel shop was held up by codefendant Dixon, who forced the proprietor, at gunpoint, to give him the money in the cash register and then fled on foot after slugging him and taking his wallet. Dixon was apprehended, a few blocks from the scene, by the police who had responded to a radio broadcast giving his description. Appellant Williams had driven Dixon to the vicinity of the men's shop at the approximate time the robbery occurred and had parked, leaving his engine running. Shortly after he parked, Williams was approached and questioned by a motorcycle officer. The latter questioned Williams after being directed to him by the owner of another men's shop located nearby. Dixon had entered this men's store a few minutes before and had acted suspiciously. When Dixon left, the shop owner saw him get into a car which had its motor running and which appellant was driving. The shop owner followed Dixon and appellant to the vicinity of the men's shop which was robbed, where Dixon left the car. After questioning appellant, the motorcycle officer let him go. A few minutes later, however, the officer heard the radio broadcast concerning the robbery, and he returned and arrested him.

At the time of his apprehension Dixon readily admitted the robbery. He later made two detailed confessions which implicated appellant. These confessions were admitted in evidence as to Dixon only.

In their testimony both appellant and Dixon denied any participation in the robbery and stated that they were unacquainted with each other.

After the trial and the filing of the briefs in this appeal, *People* v. *Aranda,* 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265] was decided. In *Aranda* our Supreme Court,

citing *People* v. *Gonzales,* 136 Cal. 666, held that, in a jury trial, where a confession made by a codefendant implicating appellant Aranda, was erroneously admitted in evidence against the codefendant, it was also error as to Aranda, notwithstanding the fact that proper limiting instructions were given. The court, however, stated (at pp. 526-527) ''The giving of such instructions, however, and the fact that the confession is only an accusation against the nondeclarant and thus lacks the shattering impact of a self-incriminating statement by him (see *People* v. *Parham,* 60 Cal.2d 378, 385 [33 Cal. Rptr. 497, 384 P.2d 1001]) preclude holding that the error of admitting the confession is always prejudicial to the nondeclarant.'' The court thereafter concluded that the error was prejudicial to Aranda within the meaning of article VI, section 4½ of the California Constitution.

In the instant case, we must conclude, on the record before us, that the two detailed confessions of Dixon which implicated appellant, were obtained in violation of Dixon's rights by virtue of *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. However, here defendants were tried by the court and not by a jury as in *People* v. *Aranda, supra.* The rationale for the rule stated in *Aranda* is that a jury composed of laymen, persons inexperienced in the law, would be unable to perform the task of segregating the evidence as instructed. Neither in *Aranda,* nor in the cases which it follows is there any indication that this rule should be applicable to a court trial. In any event, even assuming appellant may claim error in the admission of Dixon's confessions, we have no reason to believe—in the light of the overwhelming evidence of appellant's guilt and which the trial judge himself characterized as ''overwhelming'' just prior to his verdict—that the result would have been otherwise had the confessions been excluded. Accordingly, we may not reverse. (See *People* v. *Aranda, supra,* at p. 527; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

In regard to appellant's contention that the trial court should have ordered a separate trial for appellant, Penal Code section 1098 provides in pertinent part: ''When two or more defendants are jointly charged with any public offense . . . they must be tried jointly, unless the court order separate trials.'' The court in *Aranda, supra,* after initially stating that (at p. 524) ''This court has consistently held that a joint trial is permissible under Penal Code,

section 1098, even though the prosecution has obtained a confession from one defendant inculpating both defendants and intends to introduce that confession into evidence [citations]," held this procedure can no longer be justified. The court said (at pp. 530-531):

"In section 1098 of the Penal Code, the Legislature, while providing that the courts might order separate trials for defendants jointly charged with any public offense, left to the courts the determination of standards governing such severances. The grave constitutional doubts engendered by our present practice of permitting joint trials when the confession of one defendant implicates codefendants has prompted our reconsideration of this practice. Whether or not it is constitutionally permissible, the practice is prejudicial and unfair to the nondeclarant defendant and must be altered. '[I]n criminal actions, where life or liberty is at stake, courts should not adhere to precedents unjust to the accused. It is never too late to mend.' (*United States* v. *Delli Paoli* (2d Cir.) 229 F.2d 319, 323 [Frank, J., dissenting].) In the absence, however, of a holding by the United States Supreme Court that the due process clause requires such change, the rules we now adopt are to be regarded, not as constitutionally compelled, but as judicially declared rules of practice to implement section 1098.

"When the prosecution proposes to introduce into evidence an extrajudicial statement of one defendant that implicates a codefendant, the trial court must adopt one of the following procedures: (1) It can permit a joint trial if all parts of the extrajudicial statements implicating any codefendants can be and are effectively deleted without prejudice to the declarant. By effective deletions, we mean not only direct and indirect identifications of codefendants but any statements that could be employed against nondeclarant codefendants once their identity is otherwise established. (2) It can grant a severance of trials if the prosecution insists that it must use the extrajudicial statements and it appears that effective deletions cannot be made. (3) If the prosecution has successfully resisted a motion for severance and thereafter offers an extrajudicial statement implicating a codefendant, the trial court must exclude it if effective deletions are not possible. Similar rules concerning joint trial have been adopted in other jurisdictions and have been found workable. (Citations.)"

It is to be noted that the court in *Aranda* does not hold that the change in the law applicable to section 1098 is to be

considered as "constitutionally compelled," but states that the rules it sets up are "judicially declared rules of practice to implement section 1098." We interpret the *Aranda* decision as establishing "new rules" to be applied henceforth (from the date *Aranda* was filed) to cases which have not yet reached that stage of the proceedings, but as not necessarily compelling a reversal of cases theretofore tried. Under the procedural rules applicable at the time of the trial in the instant case the trial court did not abuse its discretion in refusing to grant separate trials. (See *People* v. *Ketchel*, 59 Cal.2d 503, 533 [30 Cal.Rptr. 538, 381 P.2d 394].)

The judgment of conviction is affirmed.

Files, P. J., and Kingsley, J., concurred.