[Crim. No. 10147.    Second Dist., Div. Four.    Dec. 23, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. GUMECINDO HUGO GARCIA, Defendant and Appellant.

Robert W. Stanley for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant Gumecindo Hugo Garcia and Mary Ellen Garcia, his wife, were jointly charged in Count I with possession of heroin (Health & Saf. Code, § 11500) and in Count II with possession of heroin for sale (Health & Saf. Code, § 11500.5). A prior felony was charged against defendant Gumecindo. They pled not guilty and the prior was

denied. After a trial by the court, a jury having been duly waived, both defendants were found guilty on Count I (possession), Count II was dismissed, and the alleged prior was found not to be true. Gumecindo was committed to the California Narcotic Rehabilitation Center, pursuant to proceedings under section 6451 of the Penal Code. Subsequently he was returned from that institution as unfit for its program, the criminal proceedings were resumed, probation was denied, a prison sentence was imposed, which was then suspended and he was put on five years' probation. He has appealed.[1]

Gumecindo was on parole from the California Youth Authority. Ten days or two weeks before the events herein involved, Officer Loeber had been advised by a Youth Authority Parole officer that a warrant for his arrest, as a parole violator, was outstanding, and the officer was requested to assist in executing that warrant. Officer Loeber had had previous contacts with appellant, knew of his narcotic record, and, in response to the official request thus made of him, was engaged in looking for appellant. As a result of the investigations made pursuant to this quest, Officer Loeber and his partner "staked out" an automobile registered in Mrs. Garcia's name and used by appellant. On the day involved, the officers saw appellant enter this vehicle. Officer Loeber approached the car and, displaying his badge, told appellant that he was under arrest. Appellant got out of the car on the side away from the officer and ran; after a chase he was apprehended. The officers then sought to find out in which house in the area he lived; appellant tried to mislead them by designating the wrong house but, ultimately, they brought him to the front of the correct residence. Appellant was forceably resisting the officers and making loud noises. Mrs. Garcia came to the door of their home. When appellant saw her he called out: "It's the police; flush the stuff." Mrs. Garcia entered the house, slamming the door. Sergeant Virgin, the other arresting officer, forced the door open and followed Mrs. Garcia to the bathroom where she attempted to flush a package down the toilet. The officer retrieved the package, which, on subsequent examination, was found to contain three rubber condoms containing a white powder and

---

[1]The propria persona notice of appeal filed herein recites that it is from the "judgment"; construing it liberally, as the Rules of Court require, we treat it as the permissible appeal from the order granting probation (Pen. Code, § 1237, subd. 1).

a yellow balloon containing five capsules filled with a white powder. The powder, on chemical examination, proved to be heroin, amounting in all to 24.3 grams. Sergeant Virgin searched Mrs. Garcia's purse, finding therein a list of names and figures which he testified, based on his experience as a narcotic officer, was a list of persons who had purchased narcotics and the amounts due from them. Appellant was asked if there was any more "stuff" and he replied "no." He was then asked where the rest of his equipment was and appellant told them: "You will find it above the closet in the bedroom." Search of the closet disclosed a large quantity of balloons and capsules. On inquiry of appellant, he told the officers that the heroin found amounted to "a little better than half a piece." Interrogation of Mrs. Garcia led to statements by her that she knew that the material found was heroin and that she had been told by appellant, in case of a police raid, to flush it down the toilet.

On this appeal, counsel contends: (1) that the evidence was obtained by unlawful search and seizure; and (2) that the statements obtained were in violation of the rules requiring warning of constitutional rights before an accusatory interrogation may proceed.

I

█  We conclude that there was no unlawful search and seizure. The officers were plainly within their rights in arresting appellant as a parole violator, pursuant to the outstanding warrant. Appellant's conduct when his home was discovered, and his call to Mrs. Garcia, in the light of his known narcotic record, coupled with Mrs. Garcia's conduct, was sufficient to authorize Sergeant Virgin's entry into the house and his retrieval of the package of heroin. Since appellant was convicted only of possession, we need not, at this point, consider the validity of the discovery of the large quantity of packaging material, since that discovery went only to the second count, which was dismissed.

II

The questions asked of appellant, and his answers, did not violate the rule requiring advance warning of constitutional rights. It is true that each statement amounted to an admission of certain elements of the crimes charged; but, although both the Garcias were in custody and suspicion certainly had focused on them, those questions were still merely part of the investigatory stage.

Although counsel has not raised the issue, we must also

consider the effect of the questioning of Mrs. Garcia. Her statement clearly falls within all of the elements set forth in *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] : She was in custody, suspicion had focused on her, she was not advised of her rights, and the questioning was obviously for the purpose of securing incriminating statements from her; and, since she had been discovered in the very act of attempting to dispose of the narcotics, and the "owe" list had already been found in her possession, it cannot seriously be claimed that the officers were offering her a chance to exculpate herself. The statement amounted to a full confession of a violation of section 11500 of the Health and Safety Code; as to Mrs. Garcia it was a violation of her constitutional rights; and, had she appealed, its admission would have been fatal to her conviction.

■ The problem presented to us is whether or not, in a nonjury trial, the erroneous admission of a confession by one defendant requires a reversal as to another defendant implicated by that confession. The problem was recently considered by the Supreme Court in *People* v. *Aranda* (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265], in a case where the illegally obtained confession, having been made outside the presence of a codefendant, was inadmissible against him under the hearsay rule. The Supreme Court held that, in such a case, the erroneous admission of the confession was also error against the second defendant.

The rationale of the *Aranda* decision was that it was an impossible task for a lay jury to draw the fine distinction involved in weighing a confession against one person but not against a second person implicated therein and that, where the confession was inadmissible against its maker, no policy consideration existed to outweigh this objection to its use. It is clear that the *Aranda* case is different from this case for two reasons: (a) the trial here was to the court and not to a jury, so that pragmatic considerations of the limitations of jury thinking are not involved (*People* v. *Williams, ante*, p. 42 [48 Cal.Rptr. 421] decided by this court on December 22, 1965); and (b) the statement here, having been made in the presence of Gumecindo, was not hearsay as to him, so that no distinction as to its applicability to both defendants could have been involved. As the case law stood at the time of the trial of the instant case, the court was entitled to, and presumably did, consider the statement as evidence against both defendants.

. . `

However, although we conclude that *Aranda* is not controlling, we think that *Dorado,* itself, requires a holding that the admission of Mrs. Garcia's statement in this joint trial was in error. Clearly, had the police advised these defendants of their right to remain silent, and of their right to the advice of counsel, Gumecindo's silence in the face of his wife's statement (assuming that she had made it) would have carried no implication of assent and neither the statement nor his silence could have been weighed against him. (*People* v. *McGee* (1947) 31 Cal.2d 229, 239 [187 P.2d 706]; *People* v. *Simmons* (1946) 28 Cal.2d 699 [172 P.2d 18]; *People* v. *Spencer* (1947) 78 Cal.App.2d 652, 657 [178 P.2d 520].) But it is now clear that the police were under a constitutional duty to have given just such advice. To hold that, by avoiding or evading that duty, an illegally obtained statement from one defendant may become a legal basis for an implied admission from another defendant suggests a mode of evasion of constitutional rights which cannot be allowed. We hold, therefore, that it was error, as against Gumecindo, to receive Mrs. Garcia's confession in this case.

However, it was also held in *Aranda* that an erroneous use of a codefendant's statement was subject to the prejudicial error rule set forth in article VI, section 4½ of the state Constitution;[2] and the cases applying *Escobedo-Dorado* have also held that, where the statement is an admission, the same rule applies. In the light of all the other evidence against him, we hold that, in this nonjury trial, the error with respect to Mrs. Garcia's statement was not prejudicial to Gumecindo and does not require a reversal of his conviction, whether we apply the test as phrased in *Wilson* v. *United States* (1893) 149 U.S. 60, 70 [13 S.Ct. 765, 37 L.Ed. 650], or as phrased in *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243] (see, also, *Fahy* v. *Connecticut* (1963) 375 U.S. 85 [84 S.Ct. 229, 11 L.Ed.2d 171]).

The order appealed from is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[2]" . . . the fact that the confession [by a codefendant] is only an accusation against the nondeclarant and thus lacks the shattering impact of a self-incriminatory statement by him [citation] preclude[s] holding that the error of admitting the confession is always prejudicial to the nondeclarant.'' (*People* v. *Aranda, supra* (1965) 63 Cal.2d 518, 526-527.)